2014 OK 58

**Ken YAZEL, Tulsa County Assessor, Petitioner/Appellant,**

v.

**The WILLIAM K. WARREN MEDICAL RESEARCH CENTER, INC., an Oklahoma not-for-profit corporation; Montereau, Inc., an Oklahoma not-for-profit corporation; Tulsa Jewish Community Retirement and Health Care Center, Inc., an Oklahoma not-for-profit corpo-**

38. *Jones v. State of Oklahoma ex rel. Office of Juvenile Affairs*, see note ——, supra; *King v. King*, 2005 OK 4, ¶ 22, 107 P.3d 570, *Fuller v. Odom*, 1987 OK 64, ¶ 4, 741 P.2d 449, 453; *Darnell v. Chrysler Corp.*, 1984 OK 57, ¶ 5, 687 P.2d 132, 134.

39. *Jones v. State of Oklahoma ex rel. Office of Juvenile Affairs*, see note 36, supra.

ration, and Baptist Village Retirement Communities of Oklahoma, INC., f/k/a Baptist Village Retirement Centers of Oklahoma, Inc., an Oklahoma not-for-profit corporation, d/b/a Baptist Village of Owasso, Respondents/Appellees.

Nos. 111,643, 111,502.

Supreme Court of Oklahoma.

June 24, 2014.

Leisa S. Weintraub, Tulsa, Oklahoma, for Plaintiff/Appellant.

Joel L. Wohlgemuth, David R. Ross, Tulsa, Oklahoma, for Defendant/Appellee Warren Medical.

Kenneth Louis Hunt, R. Mark Petrich, Tulsa, Oklahoma, for Defendant/Appellee Tulsa Jewish Community.

Douglas M. Borochoff, George E. Gibbs, Charles Anthony McSoud, Tulsa, Oklahoma, for Defendant/Appellee Baptist Village.

Brian Cramer, Oklahoma City, Oklahoma, George Patrick O'Hara, Edmond, Oklahoma, Mart Tisdal, Clinton, Oklahoma, for Amicus Curaie, County Assessors Association. County Officers and Deputies Association.

KAUGER, J.

¶ 1 This cause No. 111,643 *Ken Yazel, Tulsa County Assessor v. The William K. Warren Medical Research Center, Inc., et al* (Yazel 2) and its companion case No. 111,502 *Ken Yazel, Tulsa County Assessor v. The William K. Warren Medical Research Center, Inc., et al* (Yazel 1) involve the dispositive issue of whether 68 O.S.2011 § 2880.1(D)[1] requires a county assessor to be represented by a district attorney or by the Oklahoma Tax Commission before an appeal from the Board of Equalization may proceed to the Courts. We hold that pursuant to our pronouncement in the companion case No. 111,502, Yazel 1, the county assessors may employ counsel to represent them in court proceedings including appeals from the Board of Equalization. Accordingly, we remand the matter to the Court of Civil Appeals to address the merits of the appeal.

**COURT OF CIVIL APPEALS OPINION VACATED; CAUSE REMANDED TO THE COURT OF CIVIL APPEALS FOR FURTHER PROCEEDINGS.**

1. Title 68 O.S.2011 § 2880.1(D) provides:

D. In such appeals to the district court and to the Supreme Court and in requests for declaratory judgment it shall be the duty of the district attorney to appear for and represent the county assessor. The General Counsel or an attorney for the Tax Commission may appear in such appeals or requests for declaratory judgment on behalf of the county assessor, either upon request of the district attorney for assistance, or upon request of the county assessor. It shall be the mandatory duty of the board of county commissioners and the county excise board to provide the necessary funds to enable the county assessor to pay the costs necessary to be incurred in perfecting appeals and requests for declaratory judgment made by the county assessor to the courts.

COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, EDMONDSON, TAYLOR, COMBS, GURICH, JJ., concur.

WINCHESTER, J., dissents.