OSCN Found Document:YAZEL v. WILLIAM K. WARREN MEDICAL RESEARCH CENTER

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 YAZEL v. WILLIAM K. WARREN MEDICAL RESEARCH CENTER
2014 OK 58
Case Number: 111643; Comp. w/111502
Decided: 06/24/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 58, __ P.3d __
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

KEN YAZEL, Tulsa County Assessor, Petitioner/Appellant,
v.
THE WILLIAM K. WARREN MEDICAL RESEARCH CENTER, INC., an Oklahoma not-for-profit corporation; MONTEREAU, Inc., an Oklahoma not-for-profit corporation; TULSA JEWISH COMMUNITY RETIREMENT AND HEALTH CARE CENTER, INC., an Oklahoma not-for-profit corporation, and BAPTIST VILLAGE RETIREMENT COMMUNITIES OF OKLAHOMA, INC., f/k/a Baptist Village Retirement Centers of Oklahoma, Inc., an Oklahoma not-for-profit corporation, d/b/a Baptist Village of Owasso, Respondents/Appellees.

CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION IV
HONORABLE E. MARK BARCUS, TRIAL JUDGE

¶0 The Tulsa County Assessor assessed ad valorem taxes on portions of real property owned by the respondent/appellees (taxpayers). The taxpayers challenged the assessment and the County Board of Equalization determined that the properties were not taxable. The Assessor appealed to the Tulsa County District Court which found in favor of the taxpayers. The Assessor again appealed but the Court of Civil Appeals dismissed the appeal because the Assessor was not represented by the district attorney, nor the State Attorney General. On certiorari, we hold that pursuant to our pronouncement in the companion case No. 111,502, Yazel v. William Warren Medical Research Center, 2014 OK __, ___ P.3d __, the county assessors may employ counsel to represent them in court proceedings including appeals from the Board of Equalization. Accordingly, we remand the matter to the Court of Civil Appeals to address the merits of the appeal.

COURT OF CIVIL APPEALS OPINION VACATED;
CAUSE REMANDED TO THE COURT OF CIVIL APPEALS FOR FURTHER PROCEEDINGS.

Leisa S. Weintraub, Tulsa, Oklahoma, for Plaintiff/Appellant.
Joel L. Wohlgemuth, David R. Ross, Tulsa, Oklahoma, for Defendant/Appellee Warren Medical.
Kenneth Louis Hunt, R. Mark Petrich, Tulsa, Oklahoma, for Defendant/Appellee Tulsa Jewish Community.
Douglas M. Borochoff, George E. Gibbs, Charles Anthony McSoud, Tulsa, Oklahoma, for Defendant/Appellee Baptist Village.
Brian Cramer, Oklahoma City, Oklahoma, George Patrick O'Hara, Edmond, Oklahoma, Mart Tisdal, Clinton, Oklahoma, for Amicus Curaie, County Assessors Association. County Officers and Deputies Association.

KAUGER, J.:

¶1 This cause No. 111,643 Ken Yazel, Tulsa County Assessor v. The William K. Warren Medical Research Center, Inc., et al (Yazel 2) and its companion case No. 111,502 Ken Yazel, Tulsa County Assessor v. The William K. Warren Medical Research Center, Inc., et al (Yazel 1) involve the dispositive issue of whether 68 O.S. 2011 §2880.1(D)[1] requires a county assessor to be represented by a district attorney or by the Oklahoma Tax Commission before an appeal from the Board of Equalization may proceed to the Courts. We hold that pursuant to our pronouncement in the companion case No. 111,502, Yazel 1, the county assessors may employ counsel to represent them in court proceedings including appeals from the Board of Equalization. Accordingly, we remand the matter to the Court of Civil Appeals to address the merits of the appeal.

COURT OF CIVIL APPEALS OPINION VACATED;
CAUSE REMANDED TO THE COURT OF CIVIL APPEALS FOR FURTHER PROCEEDINGS.

COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, EDMONDSON, TAYLOR, COMBS, GURICH, JJ., concur.

WINCHESTER, J., dissents.

FOOTNOTES

[1] Title 68 O.S. 2011 §2880.1(D) provides:

D. In such appeals to the district court and to the Supreme Court and in requests for declaratory judgment it shall be the duty of the district attorney to appear for and represent the county assessor. The General Counsel or an attorney for the Tax Commission may appear in such appeals or requests for declaratory judgment on behalf of the county assessor, either upon request of the district attorney for assistance, or upon request of the county assessor. It shall be the mandatory duty of the board of county commissioners and the county excise board to provide the necessary funds to enable the county assessor to pay the costs necessary to be incurred in perfecting appeals and requests for declaratory judgment made by the county assessor to the courts.






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Title 68. Revenue and Taxation Cite
Name
Level 68 O.S. 2880.1, Right to Appeal - Notice of Appeal - Duty of District Attorney - Presumption
Discussed